IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) 2:20-CR-00121-SLH-13 |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| JEREMIAH IRVING, | ) |
| | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Presently before the Court is the Government's Motion for Reconsideration of the Court's Order granting Defendant's Motion for Detention Hearing. *U.S. v. Epps*, 2:20-cr-121 (W.D.Pa. 2020) at ECF Nos. 720, 722, 723.  Defendant has responded to the Government's Motion. *Id*. at ECF No. 733.  After careful consideration of the parties' motions and briefs, and the dockets, the Government's Motion for Reconsideration is GRANTED and Defendant's Motion for a Detention Hearing and to reopen the record is DENIED as explained below.

On November 18, 2020, Defendant was charged by criminal complaint at *U.S. v. Quinn*, 2:20-mj-2323 (W.D.Pa. 2020) with violations of 21 U.S.C. § 846, conspiracy to possess with intent to distribute and 500 grams or more of cocaine, a Schedule II controlled substance.  On December 1, 2020, Magistrate Judge Lisa Pupo Lenihan conducted a preliminary hearing and a detention hearing.  Following the hearings, she found that there was probable cause for the charges and ordered Defendant detained as a danger to the community. *Id*. at ECF No. 28.

Defendant was then indicted by a Grand Jury on January 27, 2021 at *U.S. v. Quinn*, 2:21-cr-23 (W.D.Pa. 2021).  The criminal complaint docket was merged into the docket at the

1

indictment. *Id*. at ECF No. 39. Defendant was arraigned on the indictment on February 11, 2021. *Id*. at ECF No. 49. The charges in the indictment were substantially the same as those in the criminal complaint. Defendant did not file a motion for a new bond hearing or for reconsideration of the pretrial detention at that time. After numerous pretrial motions, District Judge Stephanie Haines scheduled a trial to begin on August 30, 2021. *Id*. at ECF No. 83. Defendant filed a motion to continue the trial and requested that it be rescheduled at the Court's convenience. *Id*. at ECF No. 86. Judge Haines granted the motion and rescheduled the trial to begin on November 15, 2021. *Id*. at ECF No. 95. Judge Haines conducted a pretrial conference on October 13, 2021 and noted that the Government indicated that if the case were to proceed to trial, the Government would seek a superseding indictment which would affect the trial date. *Id*.

On October 26, 2021, the Government filed a superseding indictment at *U.S. v. Epps*, 2:20-cr-121 (W.D.Pa. 2021) which would include the Defendant. Defendant was not charged in the original indictment at *U.S. v. Epps*; however, the criminal complaint and the indictment at *U.S. v. Quinn*, 2:21-cr-23 had charged him with substantially the same charges including being a part of the conspiracy with several defendants charged at *U.S. v. Epps,* 2:20-cr-121. These defendants and Defendant Irving's alleged drug dealing were discussed in detail in the affidavit of probable cause supporting the criminal complaint. Defendant was arraigned on the superseding indictment on December 21, 2021. On January 3, 2022, Defendant filed the present motion requesting a second detention hearing on the superseding indictment. *U.S. v. Epps*, 2:20-cr-121 (W.D.Pa. 2020) at ECF No. 520.

In response to Defendant's Motion for Detention Hearing, the Government argues that the Defendant is not entitled to a new detention hearing on a superseding indictment under the Bail Reform Act. *Id*. at ECF No. 723. The Government argues that the charges in the superseding

indictment are substantially the same as the charges in the criminal complaint and the indictment filed at *U.S. v. Quinn*, 2:21-cr-23.  The seventy-nine-page affidavit of probable cause in support of the criminal complaint set forth facts alleging that Defendant and his original co-defendant Mr. Quinn violated 21 U.S.C. §§ 841(a)(1), 841 (b)(1)(B) (ii) and 21 U.S.C. § 846.  It is also alleged that Defendant conspired with Donald Epps, Michael Turner, and others who were charged in the original indictment at *U.S. v. Epps*, 2:20-cr-121 with conspiring to distribute 500 grams or more of cocaine.  The indictment at *U.S. v. Quinn*, 2:21-cr-23 charged Defendant with the same charges and added two counts of possession of cocaine base for redistribution, which the Government notes could subject Defendant to an increased mandatory minimum sentence of 10 years. *U.S. v. Epps*, 2:20-cr-121 at ECF No. 723, p. 5.  When the Grand Jury returned a superseding indictment at *U.S. v. Epps*, 2:20-cr-121, Defendant was added to the superseding indictment and the indictment at *U.S. v. Quinn*, 2:21-cr-23 was dismissed.  The Government adds that the *U.S. v. Epps*, 2:20-cr-121 superseding indictment was not sought earlier due to a Grand Jury shut down due to COVID-19 concerns.  The charges against Defendant in the superseding indictment are the same or substantially similar; therefore, the Government argues Defendant is not entitled to a new detention hearing under the Bail Reform Act, 18 U.S.C. § 3141, *et seq.*  Defendant did not respond to this argument.

      The Government is correct.  A defendant is not automatically entitled to a new detention hearing based upon a superseding indictment. *United States v. Frechette*, 1990 WL 3184, at *3 (W.D. Pa. Jan. 9, 1990);  *U.S. v. Quninones-Davila, CR 2016-0009*, 2016 WL 4771068, at *4 (D.V.I. Sept. 12, 2016) (adopting the reasoning of *Frechette*);  *U.S. v. Church*, 1991 WL 270100, at *1 (E.D. Pa. Nov. 29, 1991) (same);  *U.S. v. Watson*, CR 19-203, 2020 WL 2309204, at *1 (W.D. Pa. May 8, 2020) (denying a motion for detention hearing on a superseding indictment

because "the filing of a superseding indictment does not give rise to a new detention hearing[,]" without some additional unknown material information).

Defendant argues that he is entitled to a "new detention hearing" based upon section 3142(f)(2)(B) which provides:

> The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f)(2)(b).

The Court notes that this statute does not authorize a *de novo* hearing. It only authorizes the Court to reopen the record for the submission of previously unknown information. Defendant argues that the following is previously unknown information:

First, he argues that the Pretrial Services Repost submitted on January 6, 2022 recommends release, as it did at the detention hearing on the criminal complaint. The transcript of the detention hearing held on December 20, 2020 reveals that the parties and the Court were aware that Pretrial Services recommended release on the substantially similar charges at the detention hearing on the criminal complaint. *U.S. v. Quinn*, 2:20-mj-2323 at ECF No. 39 pp. 58-59. The Pretrial Services recommendation is not binding on the Court and Judge Lenihan considered the Report in denying Defendant's release and this is not previously unknown information.

Next Defendant argues that he has stable housing and could be released to live with his grandmother and aunt. Defendant made this same argument at his detention hearing when he asked Judge Lenihan to consider releasing him to live with a family member. Defendant's request to be released to a willing family member is not information unknown at the time of the detention

4

hearing. Despite Defendant's argument that he would have housing with a willing family member if released, Judge Lenihan rejected that argument and found the Defendant to be a risk to the safety to the community.

Defendant next argues that his pretrial detention period has been lengthy. While the exact length of pretrial detention was not known at the time of the detention hearing, it is a known fact that pretrial detentions can be lengthy, particularly when Defendant has filed multiple motions for extension of time, as has happened in this case. The other arguments raised by Defendant are factors that the Court considers in every detention hearing and is not previously unknown material information.

Defendant was facing a "presumption of detention" due to the charges against him, and he had the burden to rebut the presumption of dangerousness. Defendant failed to meet this burden at his detention hearing, and he cannot now use 18 U.S.C. § 3142(f)(2)(b) as a vehicle for a second bite at the apple when there is no material information on the issue of his release that was not known at the time of his initial detention hearing.[1]

Accordingly, IT IS HEREBY ORDERED that the Government's Motion for Reconsideration (ECF No. 723) is GRANTED, the Order granting Defendant's motion for detention hearing is VACATED (ECF No. 722) and Defendants' Motion for a Detention Hearing (ECF No. 720) is DENIED.

---

[1] The Court notes that Defendant may consider review of the detention order pursuant to 18 U.S.C. § 3145(b). *See U.S. v. Perry*, 788 F.2d 100, 102 (3d Cir. 1986) (Defendant may request for review of magistrate judge's detention order by the district court under 18 U.S.C. 3145(b)); *U.S. v. Delker*, 757 F.2d 1390, 1394 (3d Cir. 1985) (indicating review is *de novo*); *U.S. v. Junfijiah*, CR 21-225-1, 2021 WL 3367301, at *2 (E.D. Pa. Aug. 2, 2021).

DATED this 18th day of January 2022.

                                                BY THE COURT:

                                                s/Cynthia Reed Eddy
                                                Chief United States Magistrate Judge